UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LISH ISLAND | CIVIL ACTION NO. 05-1662-P |
| versus | JUDGE HICKS |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction**

Lish Island ("Petitioner") pleaded guilty in a Webster Parish state court to illegal possession of stolen things. He received a 10 year prison sentence. He seeks federal habeas relief from his conviction on the grounds that (1) his guilty plea is invalid because the district judge did not adequately apprise him of his right to confront the witnesses against him and (2) counsel was ineffective for allowing Petitioner to plead guilty without that explanation. It is recommended, for the reasons that follow, that the petition be denied.

**Relevant State Court Proceedings**

Petitioner's guilty plea to illegal possession of stolen things valued at over $8,000 was entered before District Judge Dewey Burchett, Jr. Petitioner was represented by attorney Jack Slaid of the Indigent Defender Board. The clerk administered an oath to Petitioner, and Petitioner then testified regarding his age (31), education (11th grade) and other basic information. Petitioner said that he understood what was going on, and the district judge explained to him the plea and sentencing process. Having earlier explained the right to counsel, the judge then stated as follows:

> You have the right then to continue with your not guilty plea and have a trial before a jury, which you could waive and have a judge trial, at which trial the DA would have to prove the case beyond a reasonable doubt. *Your attorney would cross-examine the DA's witnesses.* You have the right to remain silent, to not testify against yourself, the right to bring witnesses to court by compulsory process who could or might testify in your favor and, if convicted, you have the right to appeal that conviction. Did you wish to give these rights up so that I can accept your guilty plea?

Petitioner did waive those rights, admitted his guilt to stealing an air compressor, welding machine and other valuable equipment, and entered his guilty plea. The judge asked counsel if he believed his client understood his rights and freely waived them, and counsel responded: "Yes, sir, I believe he does."

Petitioner later filed a post-conviction application that raised the issues presented here: (1) the judge did not adequately inform Petitioner of his right to confront his accusers and (2) defense counsel was ineffective for allowing the plea to be entered under those circumstances. The district judge simply wrote "Denied" and dated and signed the first page of the application.

Petitioner filed a writ application with the state appellate court. That court ruled as follows:

> The explanation of the defendant's right of confrontation, while minimal, adequately explains that the defendant's attorney would cross-examine the district attorney's witnesses. The actual face-to-face confrontation of those witnesses is inherent in such cross-examinations. The inadvertent omission of the explicit phrase "right of confrontation", when viewed in the totality of the <u>Boykin</u> colloquy, does not render this guilty plea invalid.

The appellate court cited state court decisions upholding guilty pleas in similar settings. The Supreme Court of Louisiana denied writs without comment.

**Analysis**

**A. Boykin Claim**

Habeas relief on claims such as those presented here is available only if the state court's adjudication of the claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Supreme Court has held that a guilty plea involves the waiver of several constitutional rights including the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 89 S.Ct. 1709 (1969). The right to confront one's accusers stems from the Sixth Amendment right of an accused "to be confronted with the witnesses against him."

The Fifth Circuit "has repeatedly held" in the habeas context "that a specific express articulation and waiver of the three rights mentioned in Boykin is *not* mandated, but that it is necessary for the record to show that the plea was voluntarily and intelligently given." Neyland v. Blackburn, 785 F.2d 1283, 1287 (5th Cir. 1986). A guilty plea will be upheld on habeas review if it was entered into knowingly, voluntarily and intelligently. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000).

The judge who accepted the plea told Petitioner that his attorney "would cross-examine the DA's witnesses" at trial, and defense counsel represented that Petitioner

understood his rights and waived them. More important for habeas purposes, the record shows that Petitioner understood the nature of the charge against him and voluntarily entered the plea of guilty to stealing the equipment. The state court's adjudication of this issue was not an unreasonable application of clearly established Supreme Court precedent.

### B. Strickland Claim

Petitioner also claims that his counsel rendered ineffective assistance by standing by and not correcting the alleged Boykin error. Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was *deficient* only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). To show *prejudice* in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985). The test for whether petitioner would have insisted on trial is an objective one and "[s]imply alleging prejudice will not suffice." Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995); Williams v. Smith, 888 F.2d 28 (5th Cir. 1989).

There is nothing in the record that suggests deficient performance by counsel. Counsel represented that Petitioner understood and waived his rights, and there is no

suggestion to the contrary. Petitioner has also failed to demonstrate prejudice. Petitioner recognizes the prejudice standard of Hill v. Lockhart in his memorandum, but he makes no claim that he would have insisted upon trial if only counsel or the court (at counsel's insistence) would have explained in more detail the right of the defense to confront and cross-examine the state's witnesses. Neither deficient performance nor prejudice is present and, moreover, the state court's adjudication of this issue was not an unreasonable application of Strickland.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied** and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 30th day of November, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE